IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN WALSH,<br>Secretary of Labor, United States<br>Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>LOS COMPADRES MEXICAN GRILL,<br>INC. and JOSE GUTIERREZ,<br><br>    Defendants. | Case No. 3:21-cv-00953<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM and ORDER

Pending before the Court is Plaintiff's Motion to Sanctions (Doc. No. 26), to which the Defendants have not responded.

For the reasons stated herein, the Motion is **GRANTED**.

### I. BACKGROUND

On December 29, 2021, Plaintiff, Secretary of the Department of Labor, filed suit against Defendants Los Compadres Mexican Grill, Inc., and Jose Gutierrez, alleging violations of the Fair Labor Standards Act of 1938 (the "FLSA"). (Doc. No. 1). Specifically, Plaintiff alleges Defendants failed to pay certain employees overtime compensation. (*Id*.). Defendants were initially represented by counsel and participated in discovery. However, counsel for Defendants withdrew from the case on January 23, 2023. The Court issued several Orders instructing Defendant to retain new counsel, or, in the case of Defendant Jose Gutierrez, to notify the Court of his intent to proceed pro se. (*See* Doc. Nos. 23, 24, 25). Defendants have failed to comply with these Orders.

On March 22, 2023, Plaintiff filed the instant Motion for Sanctions under Federal Rules of Civil Procedure 16 and 37. (Doc. No. 26). Plaintiff seeks an entry of default judgment as sanction

for Defendant's failure to respond to the Court's orders or otherwise participate in the litigation. Defendants have not responded to the Motion. Indeed, the last record of Defendants' participation in this case is in November 2022.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f) "authorizes courts to issue 'just orders,' including the sanctions listed in Rule 37(b), for failure to following a scheduling or other pretrial order." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (citing Fed. R. Civ. P. 37(b)(2)(A)(vi)). The sanction of default "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

When deciding whether the sanction of default judgment is warranted, the Court considers the following factors: (1) whether the party against whom default judgment will be entered acted in bad faith; (2) whether the conduct resulted in prejudice to the opposing party; (3) whether the court gave adequate warning; and (4) whether less drastic sanctions could have ensured compliance. *See Prime Rate Premium Finance Corp.*, 930 F.3d at 769.

The first factor – bad faith – is the most important. *Id*. (citing *Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005)). Here the Defendants have ignored multiple court orders, made no efforts to participate in the litigation for over a year, and have not offered any explanation for their conduct. This has resulted in a cancellation of the trial date and pretrial deadlines and an inability to proceed with the case. A finding of bad faith is, therefore, justified.

The next consideration is prejudice to the opposing party. When Plaintiff filed the motion for default, it conceded that it had not yet suffered any prejudice. At that time, Defendants had

2

Case 3:21-cv-00953   Document 28   Filed 02/15/24   Page 2 of 3 PageID #: 75

failed to comply with the Court's orders for several months and Plaintiff anticipated that continued non-compliance would result in prejudice. It has now been well over a year since the Court ordered Defendants to obtain counsel or, for Mr. Gutierrez, to advise the Court that he intends to proceed pro se. Defendants' failure to comply has resulted in a complete cessation of the litigation and a cancellation of the trial that had been scheduled for July 11, 2023 (*see* Doc. Nos. 15, 27). The inability to proceed with the case causes at least some prejudice to the Plaintiff.

The third and fourth considerations are whether the Court has warned the Defendants that their failure to comply may result in default judgment being entered against them and whether a less drastic sanction would result in compliance. The Court has warned the Defendants more than once that failure to comply with the Court's Order may be grounds for entry of default. (*See* Orders, Doc. No. 23, 24). Nevertheless, Defendants have failed to comply with the Court's repeated Orders. (*See* Orders, Doc. Nos. 23, 24, 25). Under these circumstances, the Court finds there is no less drastic sanction than default that will ensure compliance.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Sanctions (Doc. No. 26) is **GRANTED**. Plaintiff shall submit proof regarding damages by way of declaration within 30 days of this Order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE